# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| ROBERT JAMES CORDICE, | CV 17-00112-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MEAGHER COUNTY, et al., | |
| Defendants. | |

Plaintiff Robert Cordice filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.)  Mr. Cordice's allegations are barred by the applicable statute of limitations and should be dismissed.  In light of this recommendation, Mr. Cordice's motion for appointment of a federal advocate (Doc. 9) will be denied.

## I.  STATEMENT OF THE CASE

### A.      Parties

Mr. Cordice is proceeding in forma pauperis and without counsel.  He currently resides in Oregon but his claims arose in Meagher County, Montana.

Mr. Cordice names the following Defendants:  Jon Loop, Sheriff Meagher County Montana; Kimberly Deschene, Meagher County Attorney; Tim Fox, Montana Attorney General; John Wells, Meagher County City Judge; Mountainview Medical Center; Maebeth Seidlitz, Meagher County Sheriff's

1

Office and Jail Supervisor; Paula Wildman, Meagher County Justice of the Peace;

Donna Morris, Meagher County Clerk of District Court; Meagher County News;

Jerry Churchill,  Meagher County Justice of the Peace who resigned on 9/21/12;

Jim Lippert, State of Montana Public Defender; Michael S. Kakuk, State of

Montana Public Defender; and A.T.F. Agent Brian McNamee of Helena Montana.

(Complaint, Doc. 2 at 4, 5, 9, 10.)

**B. Allegations**

Mr. Cordice claims that beginning September 11, 2012 and continuing

through November 2014 he was deprived of his right to be protected by our laws,

the right to ask for help from public offices and agencies, the right to medical

testing and treatment, and that he was discriminated against and denied equal

protection of the law.

Specifically, he claims that on September 11, 2012 he asked Sheriff Jon

Lopp to come to his home in Meagher County regarding an assault.  Mr. Cordice

allegedly asked the Sheriff to remove all the firearms from the home.  He claims

his son who was a convicted felon from Maine had an assault rifle in his hands

and the Sheriff refused to take it saying it belonged to his son.  Mr. Cordice also

told the Sheriff that he believed his son had been poisoning him and his wife had

given his son the assault rifle against his will.  Mr. Cordice was arrested and

hospitalized but never tested for poisoning.

Based upon these facts, Mr. Cordice claims negligence by the Sheriff and the State. He alleges Jon Lopp refused to arrest his son and denied him medical attention and testing for poisoning. He claims Kimberly Deschene knew of this and had an obligation to obtain justice in her position as State Defender. He alleges he asked Tim Fox many times to help and Mr. Fox refused to reply other than having a Montana Highway Patrolman send an e-mail telling him if he asked Mr. Fox for help one more time he could go to prison for seven years. Mr. Cordice claims he asked A.T.F. Agent Brian McNamee many times to deal with a convicted felon with firearms and Agent McNamee never acted on the request. He claims Mr. Fox's office also e-mailed him saying they had no jurisdiction over a local agency like the County Sheriff. (Complaint, Doc. 2 at 5.)

## II. INITIAL SCREENING

Mr. Cordice is proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability,"

4

or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

5

## III.  ANALYSIS

Mr. Cordice's Complaint should be dismissed for failure to file within the applicable statute of limitations.  The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions.  In Montana, that period is three years after the action accrues.  Mont. Code. Ann. § 27-2-204(1).

Mr. Cordice's Complaint was filed on December 11, 2017, therefore all claims accruing prior to December 11, 2014 are barred by the applicable statute of limitations.  Mr. Cordice alleges his claims arose between September 11, 2012 and November 2014.  As such, his claims accrued prior to December 11, 2014 and are now barred by the statute of limitations.  This is not a defect which could be cured with further amendment.

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Cordice's request for appointment of a federal advocate (Doc. 9) is DENIED.

6

Further, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED WITH PREJUDICE.

2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Cordice may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Cordice is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 8th day of June, 2018.


_/s/ John Johnston_____
John Johnston
United States Magistrate Judge