IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
OCT 01 2018
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| ROBERT JAMES CORDICE,<br><br>Plaintiff,<br><br>vs.<br><br>MEAGHER COUNTY, et al.,<br><br>Defendants. | CV 17–112–H–DLC–JTJ<br><br>ORDER |

Before the Court is Cordice's request that the case be dismissed with prejudice, which the Court understands to be a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. 11.) However, it is unclear whether Cordice conditions dismissal on his "request that in all fairness any and all information be removed from the internet as public information[.]" (Doc. 11.)

To the degree that the notice of dismissal is unconditional, this matter must be dismissed with prejudice. "[A] plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). When a 41(a)(1) dismissal is filed, the Court is divested of jurisdiction. *Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108 (9th Cir. 1999). Thus, if

Cordice has indeed requested dismissal with prejudice and that request is not conditioned on his privacy concerns, this matter must be dismissed with prejudice.

That said, Cordice's filing leaves open a second possibility—that he requests dismissal with prejudice only if the Court seals the proceedings. The Court construes Cordice's request that "information be removed from the internet" as a request to seal because the Court does not have broad power to remove information from the internet.

To the degree that Cordice's request is conditioned on sealing this case, the request is denied. The public has a right to access judicial records. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). While that right is "not absolute," the current matter does not meet the requirements for an exception to the general rule that judicial records remain available to the public. *Id.* The current matter does not fall into the category of those records "traditionally kept secret"; nor are there "compelling reasons supported by specific factual findings" weighing in favor of sealing this matter. *Id.* (citations omitted). The high burden to keep information away from public scrutiny is not met here. Indeed, Cordice alleged wrongdoing against various public officials, a matter of public concern.

Because there is a possibility that Cordice does not request dismissal unless this matter is sealed, the Court proceeds to determine whether to adopt Judge

Johnston's Findings and Recommendations, filed shortly before Cordice filed his request.

United States Magistrate Judge John Johnston entered his Findings and Recommendations in this case on June 8, 2018, recommending that the Court dismiss this case with prejudice and deny a certificate of appealability. (Doc. 10.) Cordice failed to timely object to the Findings and Recommendations, and so waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings and recommendations to which no party objects. See *Thomas v. Arn*, 474 U.S. 140, 149–53 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been made." *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017) (citation omitted).

There is no clear error in Judge Johnston's Findings and Recommendations. Cordice's claims arose prior to December 11, 2014, and his complaint, filed December 11, 2017, was therefore filed outside of the applicable three-year statute of limitations. Mont. Code Ann. § 27–2–204(1).

Accordingly, IT IS ORDERED that this case is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to terminate all pending motions.

DATED this 1st day of October, 2018.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court